**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

REBECCA L. JONES,

    Appellant,

v.                                                    Case No.: PWG-17-3088

LAURA MARGULIES

    Appellee.

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

On October 19, 2017, Rebecca Jones filed an appeal of an October 2, 2017 Bankruptcy Court Order, ECF No. 82 in Bankr. 17-10502, ECF No. 1-2; Bankr. Settlement Or. 1, ECF No. 1-1. Not. of Appeal, ECF No. 1. The challenged order approved a settlement agreement that the Bankruptcy Trustee, Appellee Laura Margulies, reached with attorney Victor Palmeiro, who was acting on behalf of Ms. Jones's estate.[1] *Id.* Ms. Margulies has filed a Motion to Dismiss. Appellee's Mot., ECF No. 2.[2] Because Ms. Jones's appeal is untimely, this Court lacks jurisdiction over her appeal and Ms. Margulies's Motion will be granted.

---

[1] At the time, Mr. Palmeiro, who had served as Ms. Jones's counsel and filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on her behalf, had withdrawn his appearance in that proceeding, and Ms. Jones had alleged wrongdoing by him in that action. ECF No. 1 in Bankr. 17-10502.

[2] Appellee's Memorandum in Support of her Motion appears as a part of the same electronic filing as her Motion, ECF No. 2. Appellant filed an Opposition, ECF No 6. Although Appellee was provided an opportunity to file a reply, ECF No. 7, no reply was filed. A hearing is not necessary. *See* Loc. R. 105.6.

1

**Discussion**

On September 29, 2017, U.S. Bankruptcy Judge Lori Simpson signed an order granting Trustee Margulies's Motion to approve the settlement reached between her and Victor Palmeiro on behalf of Ms. Jones's estate. Bankr. Settlement Or. 1. This Order was officially entered on October 2, 2017. *Id.* Ms. Jones filed her appeal seventeen days later on October 19, 2017. Not. of App. 1 (showing the appeal was filed on Oct. 19, 2017 at 3:37 p.m.). Ms. Margulies argues that Ms. Jones's Notice of Appeal was not timely and that she lacks standing to bring an appeal. Appellee's Mot. 4–8. Appellant argues that she has standing because the Bankruptcy Court permitted her to present arguments in her individual capacity and that she has shown good cause—that she was provided incomplete information regarding the settlement—to permit her to file a late appeal. Appellant's Opp'n ¶¶ 1, 2, 12.

This Court has jurisdiction to determine, as a threshold matter, whether a notice of appeal has been timely filed, but it ultimately will lack jurisdiction to hear the appeal if the appeal was not timely filed. *Brockett v. Robbins*, No. WMN-16-1020, 2016 WL 2997346, at *2–3 (D. Md. May 25, 2016) (citing *O'Keeffe v. Wolff*, No. GJH-14-3829, 2015 WL 327652, at *1 (D. Md. Jan. 23, 2015)); *AgSouth Farm Credit, ACA v. Bishop (In re Craig Lewis Bishop)*, 333 B.R. 746, 748 n.3 (D.S.C. 2005). Bankruptcy Rule of Procedure 8002, "Time for Filing Notice of Appeal," provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Bankruptcy Rule of Procedure 8002(a) has been "strictly construed" and requires "strict compliance" with its terms. *AgSouth,* 333 B.R. at 748 (quoting *In re Hotel Syracuse,* 154 B.R. 13, 15 (N.D.N.Y. 1993) (footnote omitted)). An appellant may request an extension within that 14-day period, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d).

Ms. Jones did not make any such request. And, although Ms. Jones proceeds *pro se*, she is not excused from strictly complying with the procedural rules. *In re Guaranteed Better Sales Mktg, Inc.*, 870 F.2d 654 (Table), 1989 WL 21438, at *1 (4th Cir. 1989) ("Misinterpretation or ignorance of the applicable time limits even by *pro se* litigants does not constitute excusable neglect."); *Brockett*, 2016 WL 2997346, at *3 ("[T]his Court finds that Brockett's *pro se* status cannot excuse non-compliance with mandatory procedures."). Further, to receive an extension, she must have requested it within the applicable period. *In re Guaranteed Better Sales Mktg, Inc.*, 1989 WL 21438, at *1. Although Ms. Jones believes she has shown "good cause" because she had incomplete information regarding the settlement, that does not excuse her from timely filing her appeal or requesting an extension to file her appeal within the applicable period. *See id.*; *Brockett*, 2016 WL 2997346, at *3.

As noted, on October 2, 2017, the Bankruptcy Court entered an Order approving the settlement. Therefore, the deadline to file a timely notice of appeal of the Bankruptcy Court's Order was October 16, 2017.³ The Appellant's Notice of Appeal was signed on October 19,

---

³ Bankruptcy Rule of Procedure 9006(f) provides that "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period *after being served* and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(f) (emphasis added). However, the three-day extension provided by Bankruptcy Rule 9006(f) does not apply to the entry of a notice of appeal because the time for filing an appeal runs from the date the order at issue was entered, not from a time of service. *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk *within 14 days after entry* of the judgment, order, or decree appealed from.") (emphasis added); *see also Parker v. N.C. Agr. Fin. Auth.,* 341 B.R. 547, 554 (E.D. Va. 2006) (noting that "an appeal from a bankruptcy court decision must be filed within 10 calendar days of the date of entry of the order at issue") (internal citation omitted); *Arbuckle v. First Nat'l Bank of Oxford (In the Matter of Darrell Arbuckle, et al.),* 988 F.2d 29, 31 (5th Cir. 1993) ("The time for filing a notice of appeal from the bankruptcy court to the district court is governed by Bankruptcy Rule 8002(a). 'The notice of appeal shall be *filed* with the clerk of the bankruptcy court within 10 days [the current version of the rule permits 14 days in which to file the appeal] of the date of the *entry* of the judgment, order, or decree appealed from.' *Id.* (emphasis added). The allegation that Debtors did

2017 and received by the Bankruptcy Clerk's Office that same day. Not. of Appeal. The Appellant's Notice of Appeal in this case was not timely filed. *See Olslund v. Bellinger,* No. RDB–11–2800, 2012 WL 246440 at *1 (D. Md. Jan. 25, 2012) (finding, *inter alia,* that the *pro se* Appellant who was a licensed attorney "clearly did not timely file a Notice of Appeal" because "Appellant was required to file notice of appeal by September 9, 2011 and did not do so until September 13, 2011."); *see also Knarf Investments v. Reid (In re James E. Reid),* No. L–02–1891, 2002 WL 34248549 at *1 (Bankr. D. Md. July 26, 2002).[4]

Courts in the Fourth Circuit repeatedly have held that "if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal." *Chien*, 484 B.R. at 663 (citing *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1111 (4th Cir. 1986)); *Olslund*, 2012 WL 246440 at *1 ("Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that such a notice must be filed within 14 days of the entry of the order being appealed. This is a jurisdictional requirement. Failure to comply with this requirement results in the dismissal of an appeal." (citing *Ballard v. Tamojira, Inc.*, 106 F.3d 389 (4th Cir. 1997)); *AgSouth*, 333 B.R. at 748; *see also Parker*, 341 B.R. at 554 (citing, *e.g.*, *Stelpflug v. Fed. Land*

---

not receive actual notice of the entry of the Order until three days prior to the end of the appeal period is irrelevant. The period begins to run from the date of the Order's entry, not from the date of its service. *Id.*").

[4] With respect to a notice of appeal in a bankruptcy case, the Fourth Circuit follows the "mailbox rule": the Fourth Circuit considers a notice of appeal to be "filed" when it is placed in the mail. *See Chien v. Commonw. Biotechnologies, Inc.,* 484 B.R. 659, 663 (E.D. Va. 2012) (citing, *e.g., Hovermale v. Pigge (In the Matter of George Beverly Pigge),* 539 F.2d 369, 371 (4th Cir. 1976)). Even under the Fourth Circuit's interpretation of the date that an appeal from a bankruptcy court order is considered to be "filed," the Appellant in this case would not have filed a timely appeal. The Appellant signed her notice on October 19, 2017. *See* Not. of Appeal 2. This signature shows that it was not placed in the mail on or before October 16, 2017, the last day on which the filing of a Notice of Appeal would be considered timely. Therefore, based on Appellant's own signing of her appeal and regardless of whether it was mailed or hand-delivered to the Clerk's office on October 19, 2017, Appellant's filing was not timely filed.

*Bank of St. Paul,* 790 F.2d 47, 49 (7th Cir. 1986)).  Because the Appellant's Notice of Appeal was not timely filed, this Court does not have jurisdiction.

## **ORDER**

Accordingly, it is this 2nd day of July, 2018, hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 2, IS GRANTED;

2. Plaintiff's Appeal IS DISMISSED; and

3. The Clerk is DIRECTED to CLOSE THE CASE and to MAIL a copy of this Memorandum Opinion and Order to Appellant.

                                                  /S/
                                    Paul W. Grimm
                                    United States District Judge

jml